

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-24-00123-CR

LACARRIAN TERREL GORDON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 49,009-B

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

# MEMORANDUM OPINION

Lacarrian Terrel Gordon pled guilty to aggravated assault with a deadly weapon. *See* TEX. PENAL CODE ANN. § 22.02 (Supp.). Pursuant to a plea agreement with the State, Gordon was placed on deferred adjudication community supervision for ten years. In a motion to adjudicate guilt, the State alleged, and Gordon agreed, that he violated the terms and conditions of his deferred adjudication community supervision. As a result of Gordon's pleas of true to the State's allegations, the trial court sentenced Gordon to eight years' imprisonment, imposed a $1,500.00 fine, and ordered him to pay $1,568.25 in attorney fees for court-appointed counsel. Gordon appeals.

Gordon's attorney has filed a brief stating that he reviewed the record and found no genuinely arguable issues that could be raised on appeal. Counsel sets out in his brief the procedural history of the case and summarizes the evidence elicited during the course of the trial court proceedings. Since counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced, that evaluation meets the requirements of *Anders v. California*. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On November 13, 2024, counsel mailed to Gordon copies of the brief, the motion to withdraw, and the appellate record. Gordon was informed of his rights to review the record and file a pro se response. On November 13, we informed Gordon that his pro se brief was due on or

before December 13. By letter dated December 18, this Court informed Gordon that the case would be set for submission on January 8, 2025. We received neither a pro se response from Gordon nor a motion requesting an extension of time in which to file such a response.

We have reviewed the entire appellate record and have independently determined that no reversible error exists. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). However, non-reversible error is found in the trial court's order to pay attorney fees included in its judgment.

The record shows that the trial court found Gordon indigent before trial and appointed him counsel at every stage of the underlying proceedings. Because Gordon was found indigent, he was presumed to remain indigent absent proof of a material change in his circumstances. *See* TEX. CODE CRIM. PROC. ANN. arts. 26.04(p), 26.05(g) (Supp.); *Walker v. State*, 557 S.W.3d 678, 689 (Tex. App.—Texarkana 2018, pet. ref'd). Nevertheless, both the trial court's judgment and the clerk's bill of costs reflect that Gordon was ordered to pay $348.50 in attorney fees for the adjudication proceeding.[1]

Under Article 26.05(g) of the Texas Code of Criminal Procedure, a trial court has the authority to order the reimbursement of court-appointed attorney fees only if "the judge determines that a defendant has financial resources that enable the defendant to offset in part or in whole the costs of the legal services provided . . . , including any expenses and costs." TEX. CODE CRIM. PROC. ANN. art. 26.05(g). "[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering

---

[1]In connection with his original plea to the offense, Gordon agreed to pay $1,219.75 in attorney fees as a term and condition of his deferred adjudication community supervision.

reimbursement of costs and fees" of legal services provided. *Armstrong v. State*, 340 S.W.3d 759, 765–66 (Tex. Crim. App. 2011) (alteration in original) (quoting *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010)).

We have reviewed the appellate record and conclude that nothing shows that Gordon had the ability to pay attorney fees during the adjudication proceeding. In *Anders* cases, appellate courts "have the authority to reform judgments and affirm as modified in cases where there is nonreversible error." *Sharpe v. State*, 607 S.W.3d 446, 448 (Tex. App.—Texarkana 2020, no pet.) (quoting *Ferguson v. State*, 435 S.W.3d 291, 293 (Tex. App.—Waco 2014, pet. struck), *overruled on other grounds by Cummins v. State*, 646 S.W.3d 605 (Tex. App.—Waco 2022, pet. ref'd)).

Accordingly, we modify the trial court's judgment and the bill of costs by deleting the $348.50 assessment for attorney fees for the adjudication proceeding. As modified, we affirm the trial court's judgment.[2]

Charles van Cleef
Justice

Date Submitted:    January 8, 2025
Date Decided:      February 5, 2025

Do Not Publish

---

[2]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, the appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.